FILED
United States Court of Appeals
Tenth Circuit

May 6, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BENJAMIN ARCHULETA,

    Defendant-Appellant.

No. 08-4000

(D.C. Nos. 2:07-CV-332-DB and
2:98-CR-479-DB-1)
(D. Utah)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **BRISCOE, MURPHY,** and **HARTZ**, Circuit Judges.

---

Benjamin Archuleta, appearing pro se, seeks a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253(c)(1) in order to challenge the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or correct sentence. Because Archuleta has failed to satisfy the standards for the issuance of a COA, we deny his request and dismiss the matter.

I.

On September 16, 1998, Archuleta was indicted by a federal grand jury on one count of violating 18 U.S.C. § 115(a)(1)(B) by threatening to assault a federal judge while

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

that judge was engaged in the performance of official duties. Archuleta was arrested and transferred to the United States Medical Center for Federal Prisoners (USMCFP) in Springfield, Missouri, for psychiatric evaluation. Archuleta subsequently waived his right to trial by jury. On July 14, 1999, the district court found him not guilty by reason of insanity and ordered him committed to USMCFP until such time as he might be eligible for conditional release under a prescribed regimen of medical, psychiatric or psychological care or treatment. On November 27, 2000, Archuleta was conditionally released under several conditions, including that he participate in mental health treatment and take prescribed medications as ordered. On July 10, 2002, the district court revoked Archuleta's conditional release and recommitted him to USMCFP on the grounds that he had failed to take his medication as directed. On June 7, 2004, Archuleta was again conditionally released. On February 4, 2005, the district court, acting pursuant to the recommendation of the government and defense counsel, terminated Archuleta from conditional release.

On May 21, 2007, Archuleta filed a pro se § 2255 motion with the district court. On December 4, 2007, the district court issued an order dismissing Archuleta's motion without prejudice. In doing so, the district court stated, in pertinent part:

> Mr. Archuleta's petition consists of a standard fill-in-the-blank pro se form, which is largely unintelligible. There appears to be factual allegations with little or no supporting explanation and moreover, there is no apparent connection to the Court's order dated July 23, 1999 finding him not guilty by reason of insanity. The petition contains fragments of seemingly irrelevant provisions that are disorganized and partially illegible. Also, it seems from the petition that Mr. Archuleta is requesting the Court

2

to call certain phone numbers and locate particular web-sites, yet provides no rationale or objective for doing so. As a result, this Court is unable to discern the basis of Mr. Archuleta's habeas claims, and the Court has no way to determine the errors of either fact or law that are potentially raised.

Dist. Ct. Order at 1-2.

Archuleta filed a notice of appeal and has now filed an application for COA with this court.

## II.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). In other words, the denial of a § 2255 motion may be appealed only if the district court or this court first issues a COA. 28 U.S.C. § 2253(c)(2). In turn, a COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. To make that showing, the applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

Archuleta's application for COA and appellate brief fall far short of satisfying the standard for issuance of a COA. Indeed, those pleadings, like Archuleta's initial § 2255 motion, are largely unintelligible. For example, Archuleta asserts in his application for COA that the issue to be raised on appeal is "EX POST FACTOS," and he summarizes his argument on appeal as follows: "Violation of Original Jurisdiction And My

3

Immunities Thru Emancipation." App. at 2. We therefore conclude that Archuleta has failed to make a substantial showing of the denial of a constitutional right.

The motion to proceed in forma pauperis is GRANTED, the request for a COA is DENIED and the appeal is DISMISSED.

Entered for the Court


Mary Beck Briscoe
Circuit Judge